## MUDGETT v. EMERSON.

There is no error of law in the admission of evidence that has some ten-
dency to prove the issue, but which is in fact so slight and remote that it
might properly be excluded on that ground.

SMITH, J.   The plaintiff seeks to recover for her services in the
defendant's family.   The plaintiff's evidence tended to show that
the services were performed upon his promise that she should be
paid, and that he had said repeatedly that she should be well paid
for her work.   The defendant denied any promise, and claimed that
the services were rendered by her as a member of his family, with-
out expectation of payment.   As bearing upon the question of the
understanding of the parties, the plaintiff introduced evidence,
subject to exception, of the extent of his farm and the amount of
his property.
   If the defendant's circumstances were such that he was com-
pelled to employ help in his family, that fact might have some
tendency to show whether the plaintiff lived with him as a
dependent relative or stranger, or as a hired servant.   The larger
his farm, the more occasion he would have to employ assistants in
carrying it on; and the more help upon the farm, the more occa-
sion he would have for household help if the farm hands were
boarded in his family.   So the fact whether he was possessed of a
large or considerable property, or was a person of moderate means
or in straitened circumstances, might bear on the probabilities
of his hiring family servants.   *Eaton* v. *Welton*, 32 N. H. 352.
If the evidence could have been excluded as slight and remote, or
as misleading and unfairly prejudicial (*Amoskeag Manufacturing
Co.* v. *Head*, 59 N. H. 332), its admission was not error of law.

                                             *Exception overruled.*

CLARK, J., did not sit: the others concurred.

*John P. Bartlett* and *Thomas O. Knowlton*, for the defendant.

*David A. Taggart* and *Elijah M. Topliff*, for the plaintiff.